# EXHIBIT A

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

NOV 0 2 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOE 1, a Nonprofit corporation; DOE 2, an entity of form unknown; and DOE 3 through DOE 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JA-836 Doe, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, Marin County, 3501 Civic Center Drive, San Rafael, CA 94903 | *(Número del Caso):* CV 2 2 0 3 5 7 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael G. Finnegan, Jeff Anderson & Associates, 12011 San Vicente Blvd., Suite 700, Los Angeles, CA 90049; 310-357-2425

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* NOV 0 2 2022 | *(Secretario)* J. CHEN | *(Adjunto)* |

JAMES M. KIM

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DOE 2, an entity of form unknown
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* CCP 415.95 (Business Organization Form Unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Exhibit A, Page 2

Michael G. Finnegan, State Bar No. 241091
*mike@andersonadvocates.com*
Jennifer E. Stein, State Bar No. 300775
*jennifer@andersonadvocates*.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vicente Boulevard, Suite 700
Los Angeles, California 90049
Telephone:    310.357.2425
Facsimile:    651.297.6543

Attorneys for Plaintiff JA-836 Doe

FILED

NOV 0 2 2022

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF MARIN

| | |
|---|---|
| JA-836 Doe, an individual, | Case No. 2 2 0 3 5 7 9 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. **NEGLIGENCE** |
| DOE 1, a Nonprofit Corporation; | 2. **NEGLIGENCE-NEGLIGENT HIRING** |
| DOE 2, an entity of form unknown; and | |
| DOE 3 through DOE 100, | 3. **NEGLIGENCE-NEGLIGENT TRAINING AND SUPERVISION** |
| Defendants. | 4. **NEGLIGENCE-NEGLIGENT RETENTION** |
| | **Filed Pursuant to** *Code of Civil Procedure* **Section 340.1, as amended by Assembly Bill 218** |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Based upon information and belief available to Plaintiff JA-836 Doe ("Plaintiff") at the time of the filing of this Complaint, Plaintiff alleges as follows against Defendants DOE 1, a Nonprofit Corporation, DOE 2, an entity of form unknown, and DOE 3 through DOE 100 (collectively, "Defendants"):

- 1 -

COMPLAINT AND DEMAND FOR JURY TRIAL

**PARTIES**

1.      Plaintiff is a natural person who was the resident of the County of Marin, State of California, at all relevant times mentioned herein. The name utilized by Plaintiff in this Complaint is a fictitious name used to protect Plaintiff's privacy as a victim of childhood sexual assault, as defined by section 340.1 of the Code of Civil Procedure. Plaintiff was born in 1952. Plaintiff was a minor throughout the period of childhood sexual assault alleged herein. Plaintiff brings this Complaint pursuant to Code of Civil Procedure Section 340.1, as amended by Assembly Bill 218, for damages suffered as a result of childhood sexual assault. In addition, Plaintiff's claim for damages suffered as a result of childhood sexual assault is timely filed as it is filed within three years of January 1, 2020.

2.      Plaintiff is informed and believes and thereon alleges that at all times material hereto, Defendant DOE 1 was and continues to be a nonprofit corporation, which includes but is not limited to civil corporations, decision making entities, officials, and employees, authorized to conduct business, incorporated in, and conducting business in the State of California, with its principal place of business in Marin County, California. Defendant DOE 1 purposely conducts substantial business operations in and throughout the State of California and County of Marin.

3.      Defendant DOE 1 is a local council of the Boy Scouts of America ("BSA"). Defendant DOE 1 oversees and governs Scouting organizations within the BSA for a specific geographic area, including Marin County. As part of the BSA structure, DOE 1 oversees scouting organizations, including Cub Scout Packs, Boy Scout Troops, Sea Scout Ships, Explorer Posts, Venture Crews, among others, within its defined geographical region. As part of its mission, DOE 1 owns property, including Scout camps, and partners with the national BSA entity and local, community-based organizations ("Chartered Organizations") to run and supervise the various Scouting organizations within its region.

4.      Defendant DOE 2 is a Chartered Organization of the BSA.

5.      Plaintiff is informed and believes and thereon alleges that the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Defendant DOE 3 through DOE 100, inclusive, are currently unknown to Plaintiff, who therefore

- 2 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  sues DOE Defendants by such fictitious names, and who will amend the Complaint to show their

2  true names and capacities when such names have been ascertained. Plaintiff is informed and

3  believes and thereon alleges that DOE Defendants are legally responsible in some manner for the

4  events, happenings, and/or tortious and unlawful conduct that caused the injuries and damages

5  alleged in this Complaint.

6      6.      Plaintiff is informed and believes and thereon alleges that at all times material hereto

7  there existed a unity of interest and ownership among Defendants and each of them, such that an

8  individuality and separateness between Defendants ceased to exist. Defendants were the successors-

9  in-interests and/or alter egos of the other Defendants in that they purchased, controlled, dominated

10 and operated each other without any separate identity, observation of formalities, or any other

11 separateness. To continue to maintain the façade of a separate and individual existence between and

12 among Defendants, and each of them, would serve to perpetuate a fraud and injustice.

13     7.      Plaintiff is informed and believes and thereon alleges that at all times material

14 hereto, Defendants were the agents, representatives and/or employees of each and every other

15 Defendant and were acting within the course and scope of said alternative personality, capacity,

16 identity, agency, representation and/or employment and were within the scope of their authority,

17 whether actual or apparent. At all times material hereto, Defendants were the trustees, partners,

18 servants, joint venturers, shareholders, co-conspirators, contractors, and/or employees of each and

19 every other Defendant, and the acts and omissions alleged herein were done by them, acting

20 individually, through such capacity and within the scope of their authority and with the permission

21 and consent of each and every other Defendant, and that such conduct was thereafter ratified by

22 each Defendant, and that each Defendant is jointly and severally liable to Plaintiff.

23                              **FACTS**

24     8.      For over 100 years, children in California have been involved in Scouting through

25 the Boy Scouts of America ("BSA"). Throughout that time, many of these children were subjected

26 to horrific acts of sexual abuse by adults who gained access to them through Scouting organizations

27 and Scouting programs. The widespread abuse of children in scouting has been a systemic crisis

28 that goes back as long as these organizations have existed.

9.      BSA scouts participate in Scouting activities through a multi-party structure that involves many other entities beyond the national BSA organization. BSA is a congressionally-chartered corporation based in Irving, Texas that is currently seeking reorganization under Chapter 11. *In re: Boy Scouts of America and Delaware BSA, LLC*, Bankr. Del. 20-10343. In addition to the national BSA entity, Scouting organizations are organized, run, and supervised by Local Councils and Chartered Organizations.

10.      Under BSA's bylaws, Local Councils, including DOE 1, were organized as separately-incorporated entities throughout the nation. While BSA owns a handful of properties across the country that Boy Scouts utilize for events and trips, most BSA-related camps and activity centers are owned and operated by Local Councils for the use of Scouts and Scouting organizations within their respective areas.

11.      BSA describes the Local Council as the "overall governing body of the local Scouting organization."[1]

12.      The Local Councils have significant responsibility in the oversight of Scouting groups and camps within their respective territories. The Local Councils have their own leadership teams, articles of incorporation, and bylaws, among other modes of governance, separate and apart from the direction provided by the BSA.

13.      The Local Councils have stated purposes that include providing services and facilities needed for each Chartered Organization to operate successful units. One such service is "training in Scouting, especially for the unit leaders, giving them the information and program resources they need to run successful units."[2]

14.      Local Councils, including DOE 1, provide training opportunities for adult volunteers and make those opportunities available to the individual Scouting units. This training includes formal courses and personal coaching along with regular roundtables. Training is tailored to the various roles that adult volunteers can hold within the Scouting organization, including training

---

[1] The Chartered Organization Representative Guidebook: For Serving Your Chartered Organization's Whole Scouting Family.
[2] Id.

1  specific to various age groups of children.

2       15.    Local Councils, including DOE 1, keep and maintain records pertaining to adult
3  participants in their programs, including background information and personnel information. These
4  files include documents and correspondence that would reasonably establish potential safety risks to
5  children posed by these adults participating in Scouting.

6       16.    Local Councils, including DOE 1, have complete authority to exclude adult
7  participants from their programs if they pose any safety risk to children whatsoever.

8       17.    Local Councils, including DOE 1, have complete authority to remove adult
9  participants from their programs if they pose any safety risk to children.

10       18.    Local Councils, including DOE 1, have total authority to implement policies and
11  procedures that would protect children in their programs. The Local Councils, including DOE 1,
12  have primary responsibility to ensure that the Chartered Organizations with whom they operate
13  Scouting units are adhering to such policies and the Local Council has authority to take corrective
14  measures to keep children in their programs safe.

15       19.    Each Scouting organization is overseen by a Chartered Organization like DOE 2.
16  The Chartered Organization representative "hold[s] a key position in Scouting" and the Chartered
17  Organization "provides leadership, meeting facilities, encouragement, and other support as needed"
18  to the Scouting organization.

19       20.    The Chartered Organization representative has important roles as the head of the
20  Scouting department of the organization, is responsible for the success of its Scouting units, and
21  participates in Local Council governance as a voting member.

22       21.    The Chartered Organization representative and leadership team are responsible for
23  recruiting adult volunteers to provide leadership to each Scouting unit within the organization. This
24  includes a responsibility to recruit adult volunteers who will act appropriately and not pose a safety
25  risk to children.

26       22.    The Charted Organizations, including DOE 2, have total authority to hire adult
27  participants in their scouting programs. The Chartered Organizations have total authority to
28  supervise the conduct of their adult volunteers, to implement safety policies to direct the volunteers'

1   conduct and to remove any volunteer from the Scouting programs for any safety concerns.

2        23.    The Defendants operated Scouting programs and activities that specifically sought

3   out the participation of young children. As a fundamental part of their mission, these Scouting

4   programs required these Defendants to oversee children and to take reasonable precautions to

5   ensure the children's safety. As it relates to the Scouting organizations overseen by these

6   Defendants, each had total control over the activities and programs involving the children within

7   their units.

8        24.    Plaintiff was a youth member of a Scouting organization in San Rafael, California,

9   overseen, organized, and/or managed by these Defendants.

10        25.    At all relevant times, Mr. Monte ("Monte") was an adult Scoutmaster, who

11   participated in Scouting activities through Defendants' charter with the BSA.

12        26.    At all times material, Monte remained under the direct supervision, employ, and/or

13   control of these Defendants. Defendants placed Monte in positions where he had access to and

14   worked with children as an integral part of his work.

15        27.    Plaintiff came into contact with Monte as an agent and representative of Defendants.

16        28.    Through Plaintiff's participation in the Boy Scouts through these Defendants,

17   Plaintiff developed great admiration, trust, and respect for adults involved in the Scouting program.

18   Plaintiff came to know and trust Monte as an authority figure within the organization and as part of

19   Plaintiff's participation in Scouting activities. During and through these activities, Plaintiff, as a

20   minor and vulnerable child, was dependent on Defendants. Defendants had custody of Plaintiff and

21   accepted the entrustment of Plaintiff and, therefore, had responsibility for Plaintiff and authority

22   over Plaintiff.

23        29.    From approximately 1964 to 1965, when Plaintiff was approximately 12 to 13 years

24   old, Monte engaged in unpermitted sexual contact with Plaintiff.

25        30.    Monte's unpermitted sexual contact with Plaintiff was "childhood sexual assault" as

26   defined by the Code of Civil Procedure section 340.1(d) as amended by Assembly Bill 218,

27   including any act committed against Plaintiff that occurred when the Plaintiff was under the age of

28   18 years and that would have been proscribed by Section 266j of the Penal Code; Section 285 of the

1  Penal Code; paragraph (1) or (2) of subdivision (b), or of subdivision (c), of Section 286 of the

2  Penal Code; subdivision (a) or (b) of Section 288 of the Penal Code; paragraph (1) or (2) of

3  subdivision (b), or of subdivision (c), of Section 287 or of former Section 288a of the Penal Code;

4  subdivision (h), (i), or (j) of Section 289 of the Penal Code; any sexual conduct as defined in

5  paragraph (1) of subdivision (d) of Section 311.4 of the Penal Code; Section 647.6 of the Penal

6  Code; and/or any prior laws of this state of similar effect at the time the act was committed.

7       31.    Plaintiff's relationship to Defendants and Monte, as a vulnerable child, Scout, and

8  participant in Scouting activities, was one in which Plaintiff was subject to the ongoing influence of

9  Defendants and their agents, including Monte.

10       32.    The culture of the Scouting organization was one of obedience and created pressure

11  on Plaintiff not to report the abuse that Plaintiff suffered.

12       33.    Monte sexually abused Plaintiff for sexual gratification and was, at least in part,

13  based on the Plaintiff's gender and age, who was a minor child at the time.

14       34.    Plaintiff did not and was unable to give free or voluntary consent to the sexual acts

15  perpetrated against Plaintiff by Monte, as Plaintiff was a minor child at the time of the childhood

16  sexual assault alleged herein.

17       35.    By using his position within Defendants' institutions, Defendants DOE 1, DOE 2,

18  DOE Defendants and Monte demanded and required that Plaintiff respect Monte in his position as

19  an authority figure and agent of Defendants and BSA.

20       36.    The sexual assault of Plaintiff is a result of Defendant DOE 1's cover up, as

21  statutorily defined by Code of Civil Procedure section 340.1(b).

22       37.    The sexual assault of Plaintiff is a result of Defendant DOE 2's cover up, as

23  statutorily defined by Code of Civil Procedure section 340.1(b).

24       38.    As a direct and proximate result of Monte's childhood sexual assault against

25  Plaintiff, which was enabled and facilitated by Defendants, and each of them, Plaintiff has suffered

26  and will continue to suffer physical, psychological, emotional and economic harm in a sum to be

27  proven at the time of trial.

28       39.    As a direct and proximate result of Plaintiff's sexual assault by Monte, which was

- 7 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  enabled and facilitated by Defendants, and each of them, Plaintiff has suffered economic injury, all

2  to Plaintiff's general, special and consequential damage in an amount to be proven at trial, but in no

3  event less than the minimum jurisdictional amount of this Court.

4    40.    Monte at all times material hereto was an employee, agent, and/or representative of

5  Defendant DOE 1 and DOE Defendants. Monte engaged in unlawful sexual conduct with Plaintiff

6  when Plaintiff was a minor. Defendants are vicariously liable for the childhood sexual assault

7  committed by Monte, including but not limited to through the theories of *respondeat superior*,

8  ratification, and authorization. Monte's childhood sexual misconduct and assault with Plaintiff

9  occurred while he was functioning on behalf of Defendants, and was made possible because of that

10  agency.

11                                     **VENUE**

12    41.    Venue is appropriate in this case pursuant to Code of Civil Procedure section 395.5

13  as Marin County is the principal place of business for Defendant Doe 1.

14                            **FIRST CAUSE OF ACTION**
                                    **NEGLIGENCE**
15                              **(As to ALL Defendants)**

16    42.    Plaintiff repeats, re-alleges and incorporates herein by reference all consistent

17  paragraphs of this Complaint as if fully set forth herein.

18    43.    Each Defendant owed Plaintiff a duty of reasonable care to protect the Plaintiff from

19  injury.

20    44.    Defendants owed Plaintiff a duty arising from the special relationship that existed

21  with Plaintiff, Plaintiff's parents, and other parents of young, innocent, vulnerable children in the

22  Scouting programs to properly train and supervise their agents and volunteers. This special

23  relationship arose because of the high degree of vulnerability of the children entrusted to their care.

24  As a result of this high degree of vulnerability and the risk of sexual abuse inherent in such a special

25  relationship, Defendants had a duty to establish measure of protection not necessary for persons

26  who are older and better able to safeguard themselves.

27    45.    Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because each

28  Defendant had a special relationship with Monte and the harms Monte could cause to children were

                                     - 8 -

1   foreseeable. Because each Defendant had the complete ability to control Monte's access to children

2   like Plaintiff through BSA programs and thereby prevent the foreseeable harms associated with

3   childhood sexual abuse, each Defendant owed Plaintiff the duty to control the conduct of Monte and

4   take reasonable precautions to stop Monte from sexually abusing Plaintiff.

5        46.     Defendants owed Plaintiff a duty of reasonable care because they solicited youth and

6   parents for participation in their youth programs, encouraged youth and parents to have the youth

7   participate in their programs, undertook custody of minor children, including Plaintiff, promoted

8   their facilities and programs as being safe for children, held their agents, including Monte, out as

9   safe to work with children, encouraged children to spend time with their agents and/or encouraged

10  their agents, including Monte, to spend time with, interact with, and recruit children.

11       47.     By accepting custody of the minor Plaintiff, Defendants established an *in loco*

12  *parentis* relationship with Plaintiff and in so doing, owed Plaintiff a duty to protect Plaintiff from

13  injury. Further, Defendants entered into a fiduciary relationship with Plaintiff by undertaking the

14  custody, supervision of, and/or care of the minor Plaintiff. As a result of Plaintiff being a minor, and

15  by Defendants undertaking the care and guidance of the Plaintiff, Defendants also held a position of

16  power over Plaintiff. Further, Defendants, by holding themselves out as being able to provide a safe

17  environment for children, solicited and/or accepted this position of empowerment. Defendants,

18  through their employees, exploited this power over Plaintiff and, thereby, put the minor Plaintiff at

19  risk for sexual abuse.

20       48.     By establishing and/or operating the Scouting organization, accepting the minor

21  Plaintiff as a participant in their programs, holding their facilities and programs out to be a safe

22  environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis*, and establishing

23  a fiduciary relationship with Plaintiff, Defendants entered into an express and/or implied duty to

24  properly supervise Plaintiff and provide a reasonably safe environment for children, who

25  participated in their programs. Defendants owed Plaintiff a duty to properly supervise Plaintiff to

26  prevent harm from foreseeable dangers. Defendants had the duty to exercise the same degree of care

27  over minors under their control as a reasonably prudent person would have exercised under similar

28  circumstances.

COMPLAINT AND DEMAND FOR JURY TRIAL

49.     By establishing and operating the Scouting organization and by accepting the enrollment and participation of the minor Plaintiff as a participant in their programs, Defendants owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from generally foreseeable dangers.

50.     Each Defendant owed Plaintiff a duty to protect Plaintiff from harm because Defendants invited Plaintiff onto their property and Monte posed a dangerous condition on Defendants' property.

51.     Each Defendant breached its duties to Plaintiff. Defendants failed to use ordinary care in determining whether their facilities were safe and/or determining whether they had sufficient information to represent their facilities as safe. Defendants' breach of their duties include, but are not limited to: failure to protect Plaintiff from a known danger, failure to have sufficient policies and procedures in place to prevent child sex abuse, failure to properly implement policies and procedures to prevent child sex abuse, failure to take reasonable measures to ensure that policies and procedures to prevent child sex abuse were working, failure to adequately inform families and children of the risks of child sex abuse, failure to investigate risks of child molestation, failure to properly train the employees at institutions and programs within Defendants' geographical confines, failure to train the minors within Defendants' geographical confines about the dangers of sexual abuse by adults, failure to have any outside agency test their safety procedures, failure to protect the children in their programs from child sex abuse, failure to adhere to the applicable standard of care for child safety, failure to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people as safe, and/or failure to train their employees properly to identify signs of child molestation by fellow employees.

52.     Defendants breached their duty to Plaintiff by failing to warn Plaintiff and Plaintiff's family of the risk that Monte posed and the risks of child sexual abuse in Scouting institutions. They also failed to warn Plaintiff about any knowledge that Defendants had about child sexual abuse within their respective organizations.

53.     Defendants breached their duties to Plaintiff by failing to use reasonable care. Defendants' failures include, but are not limited to, failing to properly supervise Monte, failing to

- 10 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

2      54.    Defendants additionally violated a legal duty by failing to report known and/or

3  suspected abuse of children by Monte and/or their other agents to the police and law enforcement.

4      55.    Defendants knew or should have known that Monte was a danger to children before

5  Monte sexually assaulted Plaintiff.

6      56.    Prior to the sexual abuse of Plaintiff, Defendants learned or should have learned that

7  Monte was not fit to work with children. Defendants, by and through their agents and/or employees,

8  became aware, or should have become aware of Monte's propensity to commit sexual abuse and the

9  risk to Plaintiff's safety. At the very least, Defendants knew or should have known that they did not

10 have sufficient information about whether or not their leaders, volunteers, and adults working with

11 Scouts within their Scouting programs were safe.

12     57.    Defendants knew or should have known that there was a risk of child sex abuse for

13 children participating in Scouting programs and activities within Scouting. At the very least,

14 Defendants knew or should have known that they did not have sufficient information about whether

15 or not there was a risk of child sex abuse for children participating in Scouting programs and

16 activities.

17     58.    Defendants knew or should have known that Defendants and similarly-situated Local

18 Councils and Chartered Organizations had numerous agents who had sexually molested children.

19 Defendants knew or should have known that child molesters have a high rate of recidivism. They

20 knew or should have known that there was a specific danger of child sex abuse for children

21 participating in their youth programs.

22     59.    However, despite this knowledge, Defendants negligently deemed that Monte was fit

23 to work with children; and/or that any previous suitability problems Monte had were fixed and

24 cured; and/or that Monte would not sexually molest children; and/or that Monte would not injure

25 children.

26     60.    Prior to Plaintiff's abuse, children in the Scouts had been abused by adult

27 participants for decades, creating a risk of child sexual abuse by a certain percentage of adult

28 volunteers within any Scouting program. Despite this knowledge, Defendants failed to take any

1  meaningful precautions to keep children safe from adults whose propensity to sexually abuse

2  children was yet unknown. This failure to institute reasonable policies and procedures to protect

3  children within Scouting from potential sexual abuse by any adult participant was negligent.

4        61.    Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable

5  child participating in the programs and activities Defendants offered to minors, Plaintiff was a

6  foreseeable victim. Additionally, as a vulnerable child who Monte had access to through

7  Defendants' facilities and programs, Plaintiff was a foreseeable victim.

8        62.    Each Defendant breached its duties to Plaintiff by failing to use reasonable care.

9  Each Defendant's failures include, but are not limited to, failing to properly supervise Monte,

10  failing to properly supervise Plaintiff, and failing to protect Plaintiff from a known danger.

11        63.    As a direct and proximate result of the foregoing, Plaintiff sustained physical,

12  emotional, and psychological injuries described above, along with pain and suffering and economic

13  damages.

14                 **SECOND CAUSE OF ACTION**

             **NEGLIGENT HIRING OF EMPLOYEES**

15                   **(As to All Defendants)**

16        64.    Plaintiff repeats, re-alleges and incorporates herein by reference all consistent

17  paragraphs of this Complaint as if fully set forth herein.

18        65.    At all times material, Monte was employed by Defendants and was under

19  Defendants' direct supervision, employ, and control when he committed the wrongful acts alleged

20  herein. Monte engaged in the illegal conduct while acting in the course and scope of his

21  employment with Defendants and/or accomplished the sexual abuse by virtue of his job-created

22  authority.

23        66.    Defendants were negligent in the hiring of Monte as a volunteer and/or employee.

24  Defendants negligently hired and/or retained Monte and/or negligently placed Monte in positions to

25  cause foreseeable harm, which Plaintiff would not have been subjected to if Defendants had taken

26  reasonable care in their investigation of Monte.

27        67.    Defendants negligently hired Monte and knew or reasonably should have known of

28  Monte's propensity for the type of behavior, which resulted in Plaintiff's injuries in this action.

- 12 -

1  Defendants failed to investigate Monte's past history of inappropriate conduct and, through the
2  exercise of reasonable diligence, should have known of Monte's propensity for child sexual abuse.
3  Defendants were required to make an appropriate investigation of Monte and failed to do so. An
4  appropriate investigation would have revealed the unsuitability of Monte for employment and it was
5  unreasonable for Defendants to hire Monte in light of the information Defendants knew or should
6  have known.

7    68.    As a direct and proximate result of the foregoing, Plaintiff sustained physical,
8  emotional, and psychological injuries described above, along with pain and suffering and economic
9  damages. The sexual abuse and resulting injuries to Plaintiff were caused solely and wholly by
10  reason of the negligent failures of Defendants.

11                          **THIRD CAUSE OF ACTION**
                  **NEGLIGENT TRAINING AND SUPERVISION**
12                          **(As to ALL Defendants)**

13    69.    Plaintiff repeats, re-alleges and incorporates herein by reference all consistent
14  paragraphs of this Complaint as if fully set forth herein.

15    70.    At all times material, Monte was employed by Defendants and was under each
16  Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged
17  herein. Monte engaged in the wrongful conduct while acting in the course and scope of his
18  employment with Defendants and/or accomplished the sexual abuse by virtue of this authority
19  created by his role within Defendants' organization.

20    71.    Defendants had a duty arising from their employment of Monte to ensure that he did
21  not sexually molest children.

22    72.    Further, Defendants owed a duty to train and educate employees and administrators
23  and to establish adequate and effective policies and procedures calculated to detect, prevent, and
24  address inappropriate behavior and conduct by adults toward children.

25    73.    Defendants were negligent in the training, supervision, and instruction of Monte.
26  Defendants failed to timely and properly educate, train, supervise, and/or monitor their agents or
27  employees with regard to policies and procedures that should be followed when sexual abuse of a
28  child is suspected or observed.

- 13 -
COMPLAINT AND DEMAND FOR JURY TRIAL

74.     Defendants were additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Monte and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Monte's sexual abuse of Plaintiff.

75.     Upon information and belief, the abuse complained of herein occurred on Defendants' property, and/or the abuse complained of herein occurred through the use of Defendants' chattels and/or occurred as a result of Defendants' actions.

76.     In failing to properly supervise, train, and instruct Monte, and in failing to establish such training procedures for employees and administrators, Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

77.     As a direct and proximate result of the foregoing, Plaintiff sustained physical, emotional, and psychological injuries described above, along with pain and suffering and economic damages.

### FOURTH CAUSE OF ACTION
### NEGLIGENT RETENTION
### (As to ALL Defendants)

78.     Plaintiff repeats, re-alleges and incorporates herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

79.     At all times material, Monte was employed by Defendants and was under each Defendant's direct supervision, employ, and control when he committed the wrongful acts alleged herein.

80.     Defendants became aware or should have become aware of Monte's propensity for child sexual abuse and failed to take any further action to remedy the problem and failed to investigate or remove Monte from working with children.

81.     Defendants negligently retained Monte and knew or should have known of Monte's propensity for this type of behavior, which resulted in the sexual abuse of Plaintiff and resulting injuries. Defendants failed to investigate Monte's past and/or current history of sexual abuse and, through the exercise of reasonable diligence, should have known of Monte's propensity for child sexual abuse. Defendants should have made an appropriate investigation of Monte and failed to do so. An appropriate investigation would have revealed the unsuitability of Monte for continued

- 14 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1   employment and it was unreasonable for Defendants to retain Monte in light of the information they

2   knew or should have known.

3       82.     Defendants negligently retained Monte in a position where he had access to children

4   and could foreseeably cause harm, which Plaintiff would not have been subjected to had Defendants

5   taken reasonable care.

6       83.     In failing to remove Monte from working with children or terminate the employment

7   of Monte, Defendants failed to exercise the degree of care that a reasonably prudent person would

8   have exercised under similar circumstances.

9       84.     As a direct and proximate result of the foregoing, Plaintiff sustained physical,

10  emotional, and psychological injuries described above, along with pain and suffering and economic

11  damages.

12                          **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays for the following relief against Defendants:

14      1.      For damages for past and future medical, psychotherapy, and related expenses

15  according to proof at the time of trial;

16      2.      For general damages for physical and mental pain and suffering and emotional

17  distress in a sum to be proven at the time of trial;

18      3.      For damages for past lost wages and past earning capacity and/or future lost wages

19  and loss of earning capacity according to proof at the time of trial;

20      4.      For treble damages against Defendant DOE 1, a Nonprofit Corporation, Defendant

21  DOE 2, an entity of form unknown, and Defendants DOE 3 through DOE 100, as authorized by

22  section 340.1 of the Code of Civil Procedure;

23      5.      For interest as allowed by law;

24      6.      For costs of suit herein; and

25      7.      For such other and further relief as the Court deems proper.

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

1   DATED: November 2, 2022                    JEFF ANDERSON & ASSOCIATES

2

3                                              MICHAEL G. FINNEGAN
                                               JENNIFER E. STEIN
4                                              Attorneys for Plaintiff JA-836 Doe

5

6                                **DEMAND FOR JURY TRIAL**

7        Plaintiff JA-836 Doe hereby demands a trial by jury in this matter.

8   DATED: November 2, 2022                    JEFF ANDERSON & ASSOCIATES

9

10

11                                             MICHAEL G. FINNEGAN
                                               JENNIFER E. STEIN
12                                             Attorneys for Plaintiff JA-836 Doe

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28